UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| SHAWANNA DEVILLE, ET AL. | CIVIL ACTION NO. 6:17-cv-00961 |
| VERSUS | JUDGE DOHERTY |
| CITY OF VILLE PLATTE, ET AL. | MAGISTRATE JUDGE HANNA |

### **REPORT AND RECOMMENDATION**

Pending before this Court is the motion to dismiss penalty, punitive, or exemplary damages (Rec. Doc. 5), which was filed by defendants City of Ville Platte and Police Chief Neal Lartigue. The motion is unopposed. The motion was referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the court. For the following reasons, it is recommended that the motion be granted.

### **BACKGROUND**

The complaint filed in this lawsuit alleged that the defendants are liable under 42 U.S.C. § 1983 for the violation of unspecified rights guaranteed to the plaintiffs by the United States Constitution. The plaintiffs alleged that the Ville Platte Police Department improperly used "investigative holds." More particularly, the plaintiffs alleged that they were detained by the Ville Platte Police Department without being told why they – and others – were detained without probable cause and without being charged with a crime. The complaint alleged that the defendants engaged in a pattern

or practice of unconstitutional conduct resulting in approximately nine hundred individuals being improperly detained. In addition to asserting a Section 1983 claim, the plaintiffs also asserted negligence claims under Louisiana state law.

In the complaint, the plaintiffs do not expressly indicate that they are seeking to recover both compensatory and punitive damages, but the defendants now seek to have any claims that the plaintiffs' might have for punitive damages dismissed.

## LAW AND ANALYSIS

**A.** **The Motion Will be Construed Under Fed. R. Civ. P. 12(b)(6)**

Although the movants did not designate their motion as arising under any particular federal rule of civil procedure or set forth the standard to be used in resolving the motion, this Court will construe the motion as governed by Fed. R. Civ. P. 12(b)(6). Under that rule, a district court may dismiss a complaint, or any part of it, for failure to state a claim upon which relief may be granted if the plaintiff has not set forth factual allegations in support of his claim that would entitle him to relief.[1] In this motion, the movants are seeking to have certain claims dismissed because the plaintiffs have not established the factual underpinnings entitling the plaintiffs to relief. Accordingly, the motions will be construed as a Rule 12(b)(6) motion.

---

[1] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007).

**B.     The Applicable Standard**

A motion to dismiss for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure is properly granted when a defendant attacks the complaint because it fails to state a legally cognizable claim.[2] When considering a motion to dismiss for failure to state a claim under Rule 12(b)(6), a district court must limit itself to the contents of the pleadings, including any attachments thereto.[3] The court must accept all well-pleaded facts as true, and it must view them in the light most favorable to the plaintiff.[4] However, conclusory allegations and unwarranted deductions of fact are not accepted as true,[5] and courts "are not bound to accept as true a legal conclusion couched as a factual allegation."[6]

To survive a Rule 12(b)(6) motion, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face."[7] The allegations must be sufficient

---

[2]     *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001).

[3]     *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000).

[4]     *In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 205 (5th Cir. 2007) (internal quotations omitted) (quoting *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996).

[5]     *Kaiser Aluminum & Chemical Sales v. Avondale Shipyards*, 677 F.2d 1045, 1050 (5th Cir. 1982) (citing *Associated Builders, Inc. v. Alabama Power Company*, 505 F.2d 97, 100 (5th Cir. 1974)); *Collins v. Morgan Stanley*, 224 F.3d at 498.

[6]     *Bell Atlantic Corp. v. Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

[7]     *Bell Atlantic v. Twombly*, 127 U.S. at 570.

"to raise a right to relief above the speculative level,"[8] and "the pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action."[9] "While a complaint . . . does not need *detailed* factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."[10] If the plaintiff fails to allege facts sufficient to "nudge[ ][his] claims across the line from conceivable to plausible, [his] complaint must be dismissed."[11]

A claim meets the test for facial plausibility "when the plaintiff pleads the factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[12] "[D]etermining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."[13]

---

[8] *Bell Atlantic v. Twombly,* 127 U.S. at 555.

[9] *Bell Atlantic v. Twombly,* 127 U.S. at 555 (quoting 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-36 (3d ed. 2004)).

[10] *Bell Atlantic v. Twombly*, 127 U.S. at 555 (citations, quotation marks, and brackets omitted; emphasis added). *See also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[11] *Bell Atlantic v. Twombly*, 127 U.S. at 570.

[12] *Ashcroft v. Iqbal*, 556 U.S. at 678.

[13] *Ashcroft v. Iqbal*, 556 U.S. at 679.

Therefore, "[t]he complaint (1) on its face (2) must contain enough factual matter (taken as true) (3) to raise a reasonable hope or expectation (4) that discovery will reveal relevant evidence of each element of a claim."[14]

C.     **Are Punitive Damages Available?**

In this lawsuit, the plaintiffs asserted claims against the City of Ville Platte through the Ville Platte Police Department, Ville Platte Police Chief Neil Lartigue, and unnamed officers with the Ville Platte Police Department. The defendants contend that the punitive damages claims asserted against them should be dismissed, arguing that the plaintiff in a § 1983 action cannot recover punitive damages from a municipality or its officials acting in their official capacities and also arguing that there is no statutory basis for the imposition of punitive damages with regard to the plaintiffs' state-law claims.

The United States Supreme Court has held unequivocally that "[a] municipality is immune from liability for punitive damages in a § 1983 action."[15] The City of Ville Platte is, by definition, a municipality, and a Section 1983 claim against a Louisiana sheriff in his official capacity or against a Sheriff's Office "is 'in essence' a suit

---

[14]     *Lormand v. US Unwired, Inc.*, 565 F.3d 228, 257 (5th Cir. 2009) (quoting *Bell Atlantic v. Twombly*, 127 U.S. at 556). See also *In Re Southern Scrap,* 541 F.3d 584, 587 (5th Cir. 2008).

[15]     *City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 270-71 (1981).

against a municipality."[16] "It is well settled that municipalities are not subject to the imposition of punitive damages under Section 1983."[17] Furthermore, "[i]t is equally well settled that a suit against a municipal official in his or her official capacity is simply another way of alleging municipal liability."[18] Therefore, the plaintiffs are barred from recovering punitive damages against a defendant acting in his official capacity. On the other hand, however, the United States Supreme Court has recognized that punitive damages are recoverable against municipal employees sued in their individual capacities.[19] In this lawsuit, however, it does not appear that any individual capacity claims were asserted.

Accordingly, this Court finds that the plaintiffs do not have valid claims for punitive damages against the City of Ville Platte or Chief Lartigue (in his official

---

[16] *Brown v. Strain*, 663 F.3d 245, 251 (5th Cir. 2011) (citing *Woodard v. Andrus*, 419 F.3d 348, 352 (5th Cir. 2005)); *Williams v. Gusman*, No. 15-64, 2015 WL 4509762, at *2 (E.D. La. July 24, 2015). See, also, *Bouchereau v. Gautreaux*, No. 14-805-JWD-SCR, 2015 WL 5321285, at *13 (M.D. La. Sept. 11, 2015); *Jordan v. Prator*, No. 11-0723, 2013 WL 4094336, at *5 (W.D. La. Aug. 13, 2013).

[17] *Howell v. Town of Ball*, No. 12-951, 2012 WL 3962387, at *4 (W.D. La. Sept. 4, 2012) (citing *Cook County, Ill. V. U.S. ex rel. Chandler*, 538 U.S. 119 (2003); *City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247 (1981); and *Webster v. City of Houston*, 735 F.2d 838 (5th Cir. 1984)).

[18] *Howell v. Town of Ball*, 2012 WL 3962387, at *4 (citing *Monell v. New York City Department of Social Services*, 436 U.S. 658 (1978)).

[19] *Smith v. Wade*, 461 U.S. 30, 35 (1983).

capacity). Therefore, the motion should be granted with regard to any punitive damages claims asserted against those parties, and the claims should be dismissed.

However, punitive damages are recoverable against municipal employees who are sued in their individual capacities pursuant to a § 1983 claim.[20] Therefore, to the extent that the plaintiffs might be seeking to recover punitive damages with regard to a Section 1983 claim against any person in his or her individual capacity, the motion to dismiss should be denied.

Finally, it is well settled under Louisiana law that punitive damages are not recoverable in civil cases unless specifically provided for by statute. In the absence of such a specific statutory provision, only compensatory damages may be recovered.[21] The plaintiffs have not identified any statutory provisions that allow the recovery of punitive damages for the state-law claims that were asserted against the defendants in this lawsuit. Accordingly, it is recommended that the motion be granted with regard to the plaintiffs' claim for state-law punitive damages.

## CONCLUSION

For the foregoing reasons,

---

[20] *Givs v. City of Eunice*, No. 6:05-CV-0788, 2006 WL 1831528, at *1 (W.D. La. June 29, 2006) (citing *Smith v. Wade*, 461 U.S. 30, 35 (1983), and *Williams v. Kaufman County*, 352 F.3d 994, 1015 (5th Cir. 2003)).

[21] See *International Harvester Credit Corp. v. Seale*, 518 So.2d 1039, 1041 (La.1988).

IT IS RECOMMENDED that the motion to dismiss penalty, punitive, or exemplary damages that was filed by City of Ville Platte and Chief Neal Lartigue (Rec. Doc. 5) be GRANTED IN PART and DENIED IN PART. More particularly,

IT IS RECOMMENDED that the motion should be GRANTED to the extent that the plaintiffs are seeking to recover penalty, punitive, or exemplary damages in connection with their Section 1983 claims against the City of Ville Platte and their Section 1983 official-capacity claims against any individuals, including but not limited to Ville Platte Police Chief Neal Lartigue, and the plaintiffs' claim for the recovery of such punitive damages should be dismissed with prejudice;

IT IS RECOMMENDED that the motion should be GRANTED to the extent that the plaintiffs are seeking to recover penalty, punitive, or exemplary damages in connection with their state-law claims, and the plaintiffs' claim for the recovery of such punitive damages should be dismissed with prejudice; and

IT IS RECOMMENDED that the motion should be DENIED in all other respects, particularly with regard to the plaintiffs' claim for the recovery of penalty, punitive, or exemplary damages in connection with any Section 1983 individual-capacity claims that might have been asserted against Police Chief Neal Lartigue.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen days from service of this

report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen days after being served with of a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds of plain error. See *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

Signed at Lafayette, Louisiana on September 29, 2017.

_____
PATRICK J. HANNA
UNITED STATES MAGISTRATE JUDGE